# GARDNER v STATE OF FLORIDA
## Case No. 88-7083 (County Court Case No. 11-356QM)

Thirteenth Judicial Circuit, Hillsborough County

March 28, 1990

### APPEARANCES OF COUNSEL

**Daniel Kirkwood, Esquire,** Assistant Public Defender, for appellant.

**James Barton II, Esquire,** Assistant State Attorney and **James V. Viggiano, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

The Appellant, Davey Gardner appeals the trial court's ruling allowing the admission of the Defendant to a police officer that she was the driver of the motor vehicle, arguing that the corpus delicti of

Driving Under the Influence had not been proven. This court hereby affirms the trial court.

The corpus delicti of Driving Under the Influence can be established by circumstantial evidence. Here the officer testified that when he arrived on the scene, he observed that an automobile had struck a light pole. The Appellant and a friend were standing next to the wrecked vehicle. The officer testified that all the damage to the vehicle was sustained on the left (driver's) side of the vehicle and that Appellant's injuries were only on the left side of her body. The friend was not injured. The officer ascertained that the Appellant was the owner of the vehicle. The officer further testified that the appellant smelled of alcohol, was flushed, disarrayed and had trouble forming words. For the admission to be admissible "the State need establish only a prima facie showing of the elements" *Jones v State,* 360 So.2d 1293 (Fla. 3d DCA 1978). The evidence establishing the corpus delicti does not have to be overwhelming or proven beyond a reasonable doubt. The evidence is sufficient if it shows the probability or tends to show the existence of the commission of a crime. *Hester v State,* 310 So.2d 455 (Fla. 2d DCA 1975).

The trial court did not abuse its discretion in allowing into evidence the admission by the Appellant that she was the driver of the vehicle. There was circumstantial evidence sufficient to establish a corpus delicti of the offense of Driving Under the Influence.

The trial court is affirmed.

DONE AND ORDERED this 28th day of March, 1990 in Hillsborough County, Florida.